IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Case Number: 3:19-CR-00633-M |
| CEDRIC SMITH (02) <br> BRIANNA SMITH (04), | § § § | |
| Defendants. | § § | |

## TRIAL SETTING ORDER

Pursuant to Special Order No. 13-5, the Court resets the Jury Trial of this case to **June 1, 2020 at 9:00 a.m.**, with a Pretrial Conference set for **June 1, 2020 at 8:30 a.m.**, to be held prior to the commencement of trial. Further, the Court finds that in the interest of justice, this case shall be tried together with all co-defendants, pursuant to 18 U.S.C. § 3161(h)(6).

Pretrial motions, if any, must be filed by **May 4, 2020**, and responses thereto, by **May 11, 2020**.

**Initial Designation of Experts**:   Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at **May 4, 2020**.

**Responsive Designation of Experts**:   Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each expert witness who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 16(a)(1)(G) on or before **May 11, 2020**.

**Objections to Experts**:  Objections to the qualifications or competency of experts, sometimes referred to as Daubert motions, must be made in a written motion filed no later than **May 18, 2020**.

**Motions for Continuance:**  Any motions for continuance must be filed by **May 18, 2020** and reflect a meaningful conference between the parties regarding whether the motion is opposed. **If the defendant files for a continuance of the trial date, he and his counsel must sign and file with the Court a document entitled "Acknowledgment" which must state that the defendant understands he will not be going to trial within the speedy trial deadline. A sample acknowledgment can be provided to the parties by the Court Coordinator upon request.**

Requested voir dire questions, proposed jury instructions (both e-filed and emailed in "Word" format to the email address lynn_orders@txnd.uscourts.gov), witness lists (with witnesses designated as "custodial", "expert", or "fact", as well as "probable" or "possible"), exhibit lists (with copies of exhibits furnished to the Court and opposing parties), and motions in limine must be filed no later than **May 22, 2020**. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list.  In addition, counsel for each party intending to offer exhibits shall **exchange a set** of marked exhibits with opposing counsel and shall **deliver a set of marked exhibits to the Court's chambers** (except large or voluminous items that cannot be easily reproduced).  Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of the case, case number, name of the party, and volume number of the binder.  **Do not use letter suffixes to identify exhibits (e.g., designate them as 1, 2, 3, not as 1A, 1B, 1C)**.  A copy of the exhibit list must be furnished to the court reporter **prior** to trial.  Counsel for the parties shall be prepared to

submit to the jury, to accompany all exhibits that have been admitted, an index of such exhibits, with neutral descriptions of the exhibits, including where possible the author and date of each. During trial, witnesses are to be called by their last, not first, names.

Except for testifying defendants or unless agreed otherwise, Judge Lynn enforces the rule of limited cross examination at trial. Redirects and recrosses are limited to the subject of the immediately preceding examination. **Each party is responsible for keeping track of which exhibits are admitted during trial, to confer with opposing counsel on a consolidated list, and to submit it as a table of contents to accompany the exhibits to the jury room and to file of record in the case**. If the parties have electronic evidence they intend to admit as exhibits and send back to the jury room, the parties need to bring the necessary equipment to play it in the jury room. If the documentary exhibits offered by the parties during trial are more than 15 pages, those exhibits shall be submitted to the Court Coordinator on electronic media, at the conclusion of the trial.

The courtroom in which this case will be tried, and in which any motion that is set for hearing will be heard, has electronic equipment to assist in the expeditious presentation of the case and making of the record. Description of this equipment and training resources for lawyers are available on the Court's website, http://www.txnd.uscourts.gov/judge-lynns-courtroom. Lead counsel for each party who have not been trained shall arrange to be trained before trial.

If the government intends to call as witnesses persons who are under indictment but who have not been found guilty by the District Court where the indictment is pending, or if the government reasonably believes that it or any defendant will ask questions of those witnesses, the answer to which may tend to incriminate the witness, and immunity has not been extended, the Assistant United States Attorney trying the case shall advise the Court of that fact when first

designating those witnesses on the government's witness list or amended witness list. The Assistant United States Attorney trying the case shall similarly advise the Court within five business days of first seeing the name of such a witness on any defendant's witness list or amended witness list.

All counsel are directed to advise the Court at least four (4) business days before trial, if a plea agreement has been reached. If such an agreement has been reached, except in unusual circumstances where such cannot reasonably be done, counsel are to furnish an executed copy to the Court at least three (3) days before trial.

Counsel should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money. To avoid such a cancellation, counsel should complete plea negotiations prior to the date scheduled for trial.

Additionally, counsel for the defendant should ensure that the defendant has appropriate court attire to wear on the day of trial. If the defendant is incarcerated, defense counsel should ensure that appropriate court attire is either transported with the defendant from the prison facility or that such attire is made available to the defendant at the Marshals Service office.

**SO ORDERED**.

March 23, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE